William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
501 Fifth Ave., 15th Floor
New York, New York 10017
Phone: (212) 286-1425; Fax: (646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTHONY JAMES and PHILIP SOTO,                   :
Individually and on Behalf                       :          ECF
of All Other Persons Similarly Situated,         :
                                                 :          15 Civ. ____
                          Plaintiffs,            :
                                                 :          **COMPLAINT AND**
        -against-                                :          **JURY DEMAND**
                                                 :
NATIONAL METERING SERVICES, INC.,                :
JOSEPH CASTROVINCI, WILLIAM CASTLE               :
and JOHN DOES #1-10,                             :
                                                 :
                          Defendants.            :
-------------------------------------------------------------------X

Plaintiffs ANTHONY JAMES and PHILIP SOTO (together "Plaintiff" or "Plaintiffs"),

on behalf of themselves individually and as class representatives of other employees similarly

situated, by and through their attorneys, complain and allege for their complaint against

NATIONAL METERING SERVICES, INC., JOSEPH CASTROVINCI, WILLIAM CASTLE

and JOHN DOES #1-10 (together "Defendant" or "Defendants") as follows:

### NATURE OF THE ACTION

1.      Plaintiffs are water meter installer workers who worked more than 40 hours per

week and were not paid time and one half and also were not paid for all the hours that they

worked and were not paid the prevailing wages required by the government contracts under

which they worked.

2.      Plaintiffs were generally required to sign out at 5:00 p.m. and to keep working

off the clock without pay after 5:00 p.m.

3.     Plaintiffs were required to record on their sign out sheet that they had taken a one hour lunch break even though they generally worked through lunch and did not take a break.

4.     Plaintiffs worked under government contracts that required that they be paid at prevailing wage rates, and generally paid much less per hour that the rates required as prevailing wages in the government contracts.

5.     Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for hours worked for which they received no pay (and did not receive minimum wages) and overtime hours worked for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

6.     Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to (a) back wages from Defendants for work performed for which they were paid no pay (and did not receive even minimum wages), wages for work for which they were not paid full wages, and overtime work performed for which they did not receive wages at the rate of no less than time and one half their regular hourly wages, (b) wages at the prevailing wage rate, and (c) reimbursement for costs, as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations and as required by the laws of New York, New Jersey, Pennsylvania and/or Delaware.

2

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8.      Venue is proper in this district pursuant to 28 U.S.C. §1391 as Defendants do business in the Southern District of New York and a substantial part of the events and/or omissions giving rise to the claim occurred in the Southern District.

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

10.      Plaintiff ANTHONY JAMES was, at all relevant times, an adult individual, residing in New York County, New York.

11.      Plaintiff PHILIP SOTO was, at all relevant times, an adult individual, residing in Dutchess County, New York.

12.      Upon information and belief, Defendant NATIONAL METERING SERVICES, INC. (referenced as the "Corporate Defendant") is a New Jersey Corporation, with its principal place of business at 163 Schuyler Avenue, Kearny, New Jersey 07032.

13.      Upon information and belief, Defendants JOSEPH CASTROVINCI and WILLIAM CASTLE were, at all relevant times, adult individuals, residing in the State of New Jersey.

14.      Upon information and belief, Defendants JOSEPH CASTROVINCI and WILLIAM CASTLE ("Individual Defendants") are each an owner, officer, director and/or

3

managing agent of the Corporate Defendant, who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well the laws of New York, New Jersey, Pennsylvania, and/or Delaware, and is each jointly and severally liable with the Corporate Defendant.

15.     Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder as well as the laws of New York, New Jersey, Pennsylvania, and/or Delaware, and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

16.     Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since December 4, 2009 to the entry of judgment in this case (the "Collective Action Period") (statute of limitations tolled by failure to post statutory notice), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wages and/or were not paid overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17.     This collective action class is so numerous that joinder of all members is

4

impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

18.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

19.     Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

20.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

21.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

        a.  whether the Defendants employed the Collective Action members within the meaning of the FLSA;

        b.  whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

    c.   what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.   whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

    e.   whether Defendants failed to pay the Collective Action Members minimum wages and overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    f.   whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    g.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    h.   whether Defendants should be enjoined from such violations of the FLSA in the future.

22.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

23.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

24.    Plaintiffs bring the New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since December 4, 2009, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees, within the meaning of the New York Labor Law and/or the laws of New Jersey, Pennsylvania and/or Delaware, and/or were third party beneficiaries of Defendants' Prevailing Wage Contract, and have not been paid for all hours worked by them as well as overtime wages and/or have not received proper wage notices, in violation of the New York Labor Law and/or the laws of New York, New

Jersey, Pennsylvania and/or Delaware (the "Class").

25.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there at least 40 members of the Class during the Class Period.

26.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

27.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

28.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

29.     Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

30.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

      a.   whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

7

b.  whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

c.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.  whether Defendants failed and/or refused to pay the members of the Class for all hours worked by them; whether Defendants failed and/or refused to pay the members of the Class at the required prevailing wage rate, and whether whether Defendants failed and/or refused to pay premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law or other state laws;

e.  whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees and statutory damages under the New York Wage Theft Prevention Act and/or other state laws or regulations;

f.  whether the Defendants should be enjoined from such violations of the New York Labor Law or other state laws in the future;

g.  whether the Class members are third party beneficiaries of Defendants' Prevailing Wage Contracts;

h.  whether Defendants failed to pay the Class members the prevailing wages required by the Prevailing Wage Contract; and

i.  whether Defendants failed to reimburse Plaintiffs for business expenses including but not limited to expenses related to the use of their personal vehicles and tools.

## **STATEMENT OF FACTS**

31.   At all relevant times, Defendants maintained and operated a water meter installation business, with over 40 water meter installation employees.

32.   Plaintiffs were water meter installers employed by Defendants during the last two years and during the Class Period.

33.   Plaintiff James worked as a water meter installer for Defendants during the period from about June 17, 2013 to about May 5, 2015 under government prevailing wage contracts, in New York State at West Nyack and Greenberg, in the state of New Jersey at

8

Bayonne and Spotswood, and in the State of Pennsylvania at Nazareth and Jerusalem and Eastern.

34.     Plaintiff Soto worked as a water meter installer for Defendants during the period from about September 1, 2013 to about May 15, 2015 under government prevailing wage contracts in New York State at West Nyack, Greenberg and Westchester, in the State of New Jersey at Allamuchy, and in the State of Delaware at Wilmington and Newark.

35.     Plaintiffs are not members of any union and are not licensed plumbers.

36.     Plaintiffs worked for Defendants with at least 40 other similar meter installer employees who had the same duties as themselves.

37.      Plaintiffs' duties did not include managerial responsibilities or the exercise of independent business judgment.

38.     Plaintiffs were not permitted to enter a sign out time after 5:00 p.m., even when they worked later than 5:00 p.m.  Plaintiffs worked hours later than their sign out times and were not paid for this time working.

39.     Plaintiffs were required to enter on the sign out sheet that they had taken a one hour lunch even though they were on call during their alleged lunch break and often were so busy that the were not able to take a break.

40.     Plaintiffs were not paid for the time working that was not listed on their time sheets but was performed at the direct request and knowledge of Defendants ("off the clock time").

41.     Plaintiffs and the other meter installer employees did not sign in to their job, but did sign out of their job at the end of the day.

42.     During the time period, Plaintiffs often worked more than 40 hours per week.

43.     Plaintiffs' paystubs do not reflect the full amount of hours that they worked because, among other reasons, (a) they were not paid for the time worked prior to 8:00 a.m. (except on two occasions when Plaintiffs started at 6:00 a.m.), (b) they were not paid for the time working after the time they were required to enter on the sign out sheet which was 5:00 p.m. (Plaintiffs generally worked until 6:00 p.m. or later), (c) they were not paid for working or being on call during the one hour alleged meal break, and (d) they were not reimbursed for the cost of using their personal tools, automobile expenses, cameras and phone for their work.

44.     Defendants did not pay Plaintiffs for all hours at their prevailing wage.

45.     For the pay period from March 8, 2015 to March 14, 2015, Plaintiff James worked in Pennsylvania and his pay was calculated using a rate of $59.95 per hour and not calculated on the proper prevailing wage rate, which was $79.83 per hour. This rate was also not applied to the correct amount of hours worked.

46.     For the pay period from March 30, 2015 to April 20, 2015, Plaintiff Soto worked in Allamuchy/Hackettstown, New Jersey and his pay was calculated using a rate of $45.40 per hour and not calculated on the proper prevailing wage rate, which was $82.30 per hour. This rate was also not applied to the correct amount of hours worked.

47.     The prevailing wage rate that applied to Plaintiffs was generally about $80 per hour.

48.     Defendants did not pay Plaintiffs for all their hours worked and did not pay them their full time and one half for all their hours worked over 40 in a week ("overtime").

49.     Plaintiffs and other similar water meter installer employees were required to use their own vehicles to perform their work, but were never paid for the cost of using their personal vehicles.

50.     They were not paid for, *inter alia,* gasoline expense, insurance, depreciation, wear and tear, parking expenses and maintenance associated with the business use of their vehicles.

51.     Plaintiffs and the other similar water meter installer employees were required to use their own tools to perform their work for Defendants, but were never paid for the cost of using their personal tools.  Plaintiffs were supplied a list of tools which they were required to possess and use for their work.

52.     Plaintiffs were required to use the following tools, among others, to perform their jobs: a Sawzall, a screw gun, a snake light, a miner's light, a T-25 staple gun, a four foot drill bit and hammer drill.

53.     Plaintiffs were required to buy a camera with a date and time stamp capability to take photos on a SIM card, which they were required to submit to Defendants at the end of each day.

54.     Plaintiffs were not paid for the cost of their cameras.

55.     Plaintiffs were required to use their personal phones to check in throughout the day with the office and the customers and were not reimbursed for expenses related to using their phones for Defendants' work.

56.     The cost of the tools required to perform the meter installations was at least $1,800.

57.     The Plaintiffs and other similar meter installers were not paid for the cost of their tools.

58.     In addition to Plaintiffs, during the Class period, other persons employed by Defendants as water meter installer workers performed the same or similar work as Plaintiffs.

11

59.     Upon information and belief, Defendants hired at least 40 of such similar meter installer workers.

60.     Plaintiffs and the other similar water meter installer employees regularly worked more than 40 hours per week for Defendants.

61.     On certain jobs, Plaintiffs were paid a piece rate and not paid time and one half for their hours worked over 40 in a week, but were only paid their straight piece rate.

62.     Plaintiffs and these other similar meter installer employees worked more than 40 hours per week and (a) were not paid for all their hours worked (b) were not paid time and one half for their overtime hours worked, (c) were not paid prevailing wage rates for their hours worked, and (d) were required to use their personal tools, cameras and/or vehicles for their work and were not paid for such use.

63.     Throughout the Class period, Defendants have employed other individuals, like Plaintiffs, in positions as water meter installer workers.

64.     Such individuals have worked in excess of 40 hours a week, yet the Defendants has likewise willfully failed to pay them for all their hours worked, failed to pay them at prevailing wage rates, failed to pay them overtime compensation of one and one-half times their regular hourly wage rate, and failed to pay them for their required use of their personal vehicles, cameras and/or tools.

65.     Upon information and belief, no notice or poster was posted indicating that employees of Defendants had any rights, including the right to minimum wage and time and one half for their overtime.

66.     Such individuals (a) worked hours for which they were not paid wages, (b) worked hours for which they were not paid prevailing wages, (c) worked hours in excess of 40

hours a week for which Defendants refused to pay them time and one half their regular wage, and (d) incurred expenses related to their work, including expenses related to the use of their personal tools, cameras and/or vehicles to perform Defendants' work, which were not reimbursed by Defendants.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

67.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

68.     At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

69.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

70.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

71.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).  The named Plaintiffs' written consents are attached hereto and incorporated by reference.

72.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

73.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half

times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

74.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

75.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

76.     Due to the Defendants' FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**STATE LAW**

77.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

78.     At all relevant times, Plaintiffs and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, including §§ 2 and 651, and the laws of New York, New Jersey, Pennsylvania and/or Delaware.

79.     Defendants willfully violated Plaintiffs' rights and the rights of the members of

the Class, by failing to pay them for hours worked, failing to pay them at not less than prevailing wage rates, failing to pay them at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and failing to reimburse them for expenses incurred on behalf of Defendants, in violation of the laws of New York, New Jersey, Pennsylvania and/or Delaware. See New York Labor Law 191 et seq. and *Cox v. NAP Construction Company, Inc.*, 10 N.Y.3d 592, 607 (2008) (upholding breach of contract claims of employees of contractor for prevailing wages finding that employees were third party beneficiaries of the New York City contract) and the New York common law; New Jersey Wage Payments Law (N.J.S.A. 34:11-4.1 et seq.)(requiring payment of overtime wages) and New Jersey Prevailing Wage Act (N.J. Stat Ann. § 34:11-56.25 to 56.46) and *Troise v. Extel Communications, Inc.*, 345 N.J. Super. 231, 784 A.2d 748 (Super. Ct. 2001)(6 year statute of limitations applied to employee's claim for prevailing wages) and New Jersey common law; Pennsylvania Minimum Wage Act ("PMWA")(43 Pa. Cons. Stat. § 333.101 *et seq.*) and (34 Pa. Code § 231.1   seq.) (requiring payment of overtime wages) and the Pennsylvania Prevailing Wage Act, 43 Pa. Cons. Stat. Ann. § 165-1 et seq. and *Howard v. Phila. Hous. Auth.,* 2013 U.S. Dist. LEXIS 152744 (E.D. Pa. 2014) (upholding breach of contract claim for prevailing wages under third party beneficiary doctrine) and Pennsylvania common law; Delaware's Wage Payment Collection Act (19 Del. C. § 1101, *et seq.*)(requiring payment for overtime) and *Seeney v. Harmony Construction Inc.*, 2005 Del. Super. Lexis 44 (Del. Super. Ct. Feb. 11, 2005) (upholding employees prevailing wage claim) and Delaware Prevailing Wage Law (Del. Code Ann. tit. 29, § 6960 et seq.) and the Delaware common law.

80.    The Defendants' violations of the laws of New York, New Jersey, Pennsylvania and/or Delaware, have caused Plaintiffs and the members of the Class, irreparable harm for

which there is no adequate remedy at law.

81.     Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class, by failing to provide them proper notices and wage statements in violation of the New York Wage Theft Prevention Act.

82.     As a result of Defendants' violation of the New York Wage Theft Prevention Act, Plaintiffs and the member of the Class are entitled to damages of $150 per week during which the violations occurred and/or continue to occur.

83.     Due to the Defendants' violations of the laws of New York, New Jersey, Pennsylvania and/or Delaware, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages, their unpaid prevailing wages, their unpaid overtime compensation, their unreimbursed expenses, their reasonable attorneys' fees, and their costs and disbursements of the action, pursuant to New York Labor Law § 663(1) and/or the laws of New York, New Jersey, Pennsylvania and/or Delaware.

84.     Plaintiffs and the other members of the Class are also owed monies for their unreimbursed work expenses including expenses related to their use of personal tools and/or automobiles for their work.

**THIRD CLAIM FOR RELIEF**
**BREACH OF CONTRACT -- PREVAILING WAGE CLAIM**

85.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86.     Upon information and belief, Plaintiffs worked for Defendants pursuant to Defendants' contract with the State of New York and/or the State of New Jersey and/or the State of Pennsylvania and/or the State of Delaware and/or the Unites States of America, which

16

required Plaintiffs to be paid at the rate of about $80 per hour and $120 per hour for hours worked over forty in a workweek (the "Prevailing Wage Contracts" or "Prevailing Wage Contract").

87.    Plaintiffs and the Class of other similar employees who performed work as water meter installers are third party beneficiaries of each Prevailing Wage Contract.

88.    The parties to each Prevailing Wage Contract intended Plaintiffs to be third party beneficiaries.

89.    Defendants breached the Prevailing Wage Contract by failing to pay Plaintiffs and the Class the regular and overtime hourly rates required by the Prevailing Wage Contract.

90.    Plaintiffs sue on their own behalf and on behalf of the Class of similarly situated employees of Defendants who were also third party beneficiaries of the Prevailing Wage Contract and who were also not paid the hourly and overtime rates required by the Prevailing Wage Contracts during the Class Period under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

91.    Due to Defendants' breach of the Prevailing Wage Contract, Plaintiffs and the Class members are entitled to recover from Defendants their unpaid wages, interest, and the costs and disbursements of this action.

92.    Defendants' breaches of the Prevailing Wage Contract have caused Plaintiffs material damages and irreparable harm for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

17

a.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.     An order tolling the statute of limitations;

c.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

d.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the laws of New York, New Jersey, Pennsylvania and/or Delaware;

e.     An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.     An award of unpaid wages and unpaid overtime compensation due under the FLSA and the New York Labor Law and under the laws of New York, New Jersey, Pennsylvania and/or Delaware;

g.     An award of statutory damages under the New York Wage Theft Prevention Act;

h.     An award of damages for unpaid reimbursement of work expenses;

i.     An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and/or the New York Labor Law and/or the laws of New Jersey, Pennsylvania and/or Delaware;

j.     An award of prejudgment and postjudgment interest;

k.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.     Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       December 4, 2015

LAW OFFICE OF WILLIAM COUDERT RAND

s/William C. Rand, Esq.

By: _____

    William Coudert Rand (WR 7685)
501 Fifth Ave., 15th Floor
New York, New York 10017
Telephone: (212) 286-1425
Facsimile: (212) 599-7909
*Attorney for Plaintiffs*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of National Metering Services, Inc. Joseph Castrovinci William Castle to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____   8-14-15   ANTHONY JAMES
Signature                              Date     Print Name

8

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of NATIONAL METERING SERVICES, INC., JOSEPH CASTROVINCI, and WILLIAM CASTLE to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Philip Soto_____ 8-26-15 _Philip Soto_____
Signature                         Date    Print Name

8